UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

HOSEA L. ROBINSON,           )
                             )
          Plaintiff,         )
                             )
     v.                      )     No. 1:21-CV-69 SNLJ
                             )
STATE OF MISSOURI, et al.,   )
                             )
          Defendants,        )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's *pro se* complaint. The complaint is defective because it is not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). Additionally, plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a).

Plaintiff, a prisoner at Southeast Correctional Center ("SECC"), filed his lawsuit with the Court on April 26, 2021. The handwritten complaint, which numbers twenty-three (23) pages, is difficult to read. However, it appears to seeks redress on two incidents or issues: (1) plaintiff seeks dismissal of his criminal charges in the State of Missouri; and (2) plaintiff seeks injunctive relief with regard to what he perceives to be violations of the Americans with Disabilities Act ("ADA"). It is unclear if plaintiff's claims of violations of the ADA are in regard to dismissal of his criminal charges or if they are related to allegations at SECC.

Plaintiff's allegations appear to be the same as those raised by him in previous lawsuits in this Court. *See, e.g., Hosea v. Payne*, No. 4:18-CV-1224 CDP (E.D.Mo) (§ 2254 action dismissed for failure to exhaust state court remedies); *Robinson v. Clarke*, No. 1:20-CV-103 AGF (E.D.Mo) (ADA action dismissed pursuant to 28 U.S.C. § 1915(g) ("three strikes")).

It is unclear to the Court whether plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff does not state what relief he is seeking. Based on the allegations, this appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254. The Court will not allow plaintiff to proceed under both statutes simultaneously in one action. If plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

Plaintiff will be required to submit an amended complaint on a court-provided form clarifying his claims. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send plaintiff forms for both types of cases. Plaintiff should inform the Court whether he intends for this action to be brought under

2

42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case. If plaintiff wishes to pursue claims under both statutes, he will need to file a second, separate action in this Court.[1]

Plaintiff is warned that if files a motion under § 2254,[2] any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Furthermore, plaintiff is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

Plaintiff has **twenty-one (21) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from those filed in other pending matters.

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the complaint must show how each and every defendant is directly responsible for

---

[1] Plaintiff is reminded that he is currently barred from bringing actions in forma pauperis in this Court unless he is under imminent danger. *See* 28 U.S.C. § 1915(g).

[2] Plaintiff should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). As plaintiff has indicated in his complaint that his state criminal action is still pending on appeal, it does not appear that he has fully exhausted his state court remedies.

the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

### Motion for Injunction and Temporary Restraining Order

Attached to plaintiff's complaint is a motion for injunctive relief. Plaintiff asserts that he is seeking dismissal of "all criminal charges" against him with "extreme prejudice."

Petitioner challenges a state court judgment and sentence entered in *State v. Robinson*, No. 1722-CR04070-01 (22nd Jud. Cir. 2018). There, on February 1, 2018, a jury convicted petitioner of statutory rape. On May 21, 2018, petitioner was sentenced to serve 20 years in prison. *Id.* His appeal of his conviction and sentence was denied on November 21, 2019. *State v. Robinson*, No. ED107079 (Mo.Ct.App.2020).

On July 2, 2018, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *Robinson v. State of Missouri*, No. 1822-CC10735 (22nd Jud. Cir. 2018). This action is still pending.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a

4

temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase,* 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

As noted above, it appears plaintiff is seeking injunctive relief with regards to his criminal conviction and sentence. He seeks release from custody. Because review of plaintiff's criminal conviction is still pending in Missouri State Court, the balance of equities favors letting the Missouri State Court finish its review of plaintiff's conviction and sentence prior to federal court intervention in the matter. Additionally, this Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). The actions of the Missouri Court of Appeals are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F.Supp. 496, 498 (E.D.Mo.1981)(federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties). As such, this Court must decline to enter an injunction telling the State of Missouri, or one of its Courts, to release plaintiff from custody at this time.

Accordingly,

5

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form, '2254 Habeas Corpus Petition' form, and 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the full filing fee **or** submit an application to proceed without prepayment of fees and costs within **twenty-one (21) days** of the date of this Order. Because plaintiff is a "three striker" under the PLRA, he must be under imminent danger in order to proceed in forma pauperis in a civil rights action. If he is not under imminent danger at the time of the filing of his complaint, he will be required to pay the full amount of the $400 filing fee.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs and plaintiff maintains a prison account at SECC, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #2] is **DENIED** at this time.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 4th day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE